Filed 1/21/22 In re N.L. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
## DIVISION FIVE

| | |
|---|---|
| In re N.L., a Person Coming Under Juvenile Court Law. | B312262 |
| _____ | |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 19CCJP03946) |
| Plaintiff, | |
| v. | |
| A.L., | |
| Defendant and Appellant; | |
| I.M., | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Nichelle Blackwell, Judge Pro Tempore. Reversed and remanded in part; affirmed in part.

Landon Villavaso, under appointment by the Court of Appeal, for Defendant and Appellant Father.

Shaylah Padgett-Weibel, under appointment by the Court of Appeal, for Respondent Mother.

## INTRODUCTION

Father appeals from the juvenile court's child custody and visitation order following termination of jurisdiction over his 12-year-old son. Father's appeal is narrow—he requests only that the portion of the final custody order that states he did not complete a parenting class be stricken. He points out that the juvenile court record reflects that he had in fact completed the class prior to the court's order terminating jurisdiction. Father does not challenge any other component of the child custody and visitation order. Neither the Department of Children and Family Services (DCFS), mother, nor son oppose father's requested relief. We reverse and remand solely for the court to strike the statement that father had not completed the parenting class. We affirm on all other grounds.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2019, DCFS filed a petition on behalf of then-10-year-old son under Welfare and Institutions Code section 300, subdivisions (a) and (b-1), alleging that father hit son in the head, back, and chest with his fist and that son was afraid of father.[1] On July 30, 2019, the juvenile court sustained the petition, adjudged son a dependent of the juvenile court, and released son to home of mother.[2] The court ordered family maintenance services for mother and son.

The court found clear and convincing evidence that it was reasonable and necessary to remove son from father and that there were no services available that could provide for son's

---

[1]     All future undesignated code references are to the Welfare and Institutions Code.

[2]     The parents did not live together. Prior to these dependency proceedings, there had been a family court order providing that father visit son on a weekly basis.

safety without removing him from father's custody. The court ordered reunification services for father, including completion of a developmentally appropriate parenting class, a coparenting class, and a 26-week anger management program, and participation in counseling to address anger management and parenting issues. In compliance with his court-ordered case plan, father completed a 15-week, 30-hour parenting course on October 3, 2019.

On April 22, 2021, the juvenile court held a contested section 364 status review hearing. The court denied father's request for joint legal and physical custody, and awarded sole legal and physical custody to mother. The court ordered father to have monitored visits with son on Sundays.

At the hearing, the court expressed concern that father continued to lack insight regarding his relationship with son and mother. The court observed father was still trying to exert control over both son and mother through intimidation, and that father needed additional counseling to address these concerns. The juvenile court did not mention any failure to complete a parenting education course as a ground for its custody and visitation order. The court terminated jurisdiction, finding the conditions that justified its initial assumption of jurisdiction no longer existed nor were likely to exist if supervision was withdrawn.

That same day, the court filed a juvenile custody order on form JV-206, which stated that mother had full custody and father was granted monitored visitation until further court order. Where the form provided reasons for supervised visitation, item number 2a was completed as follows: "this parent has not completed . . . the following court-ordered programs . . . [¶] . . . [¶] Parenting classes." The box for "Other" was also checked stating father had not completed "individual

3

counseling to address the physical abuse and trauma the child has suffered at the hands of the father. It should also address the excessive exertion of power and control tactics that the father exerts over the child and the mother which causes the child fear." The relevant excerpt from the JV-206 form appears below.

JV-206

CASE NAME: Destiny Nightwalker

CASE NUMBER:
JUVENILE: 19CCJP03946A
FAMILY.

**REASONS FOR NO OR SUPERVISED VISITATION—JUVENILE**

Attachment to [x] *Custody Order—Juvenile—Final Judgment (form JV-200)*
[ ] *Visitation (Parenting Time) Order—Juvenile (form JV-205)*

1. This order applies to the following children *(name each)*: Nicholas Lopez

2. This parent *(name)*: Armin Lopez     was ordered to have [ ] no visitation [x] only supervised visitation with the child or children named in 1 because

   a. this parent [x] has not completed [ ] has not made substantial progress in the following court-ordered programs:

   [ ] Sexual abuse treatment or awareness program [ ] for offenders [ ] for victims

   [ ] Drug abuse treatment program with random testing

   [ ] Alcohol abuse treatment program with random testing

   [ ] Domestic violence treatment program [ ] for offenders [ ] for victims

   [ ] Anger management training

   [x] Parenting classes

   [x] Individual counseling

   [x] Other *(specify)*: individual counseling to address the physical abuse and trauma the child has suffered at the hands of the father. It should also address the excessive exertion of power and control tactics that the father exerts over the child and the mother which causes the child fear.

Father timely appealed.

## *DISCUSSION*

Father asks this court to strike that part of the JV-206 form that states he did not complete parenting classes. He argues that it does not accurately reflect the record or the juvenile court's findings. He expresses concern that the error will mislead the family court in future determinations of modification or termination of monitored visitation.

As we have already observed, respondent mother concurs that the check in the box does not comport with the court's oral pronouncement of the order and does not reflect the reality of

4

father's participation in the parenting class.[3]

We agree with the parties and therefore direct the court to correct this clerical error.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [courts have inherent power to correct clerical errors]; *People v. Smith* (1983) 33 Cal.3d 596, 599 [when record is in conflict and cannot be harmonized, the part which, because of its origin or nature, is entitled to greater credence will control].)

## *DISPOSITION*

We order the trial court to enter a new and different custody order that (1) deletes any indication that father did not complete a parenting class, and (2) is otherwise identical to the current order.  If there is a pending family court case, the court shall forthwith notify the family law court that father completed the parenting class as ordered in the dependency proceedings.  The juvenile court's child custody and visitation order is affirmed on all other grounds.

RUBIN, P. J.

WE CONCUR:

BAKER, J.

KIM, J.

---

[3] Mother is the respondent in this appeal because she presented the form JV-206 that the trial court signed.  DCFS and son filed letters with this court stating that, although they were not proper respondents in this appeal, they agreed the checkmark should be stricken.